| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE ALLEN SUPERIOR COURT |
| ) SS: | | |
| COUNTY OF ALLEN ) | | CAUSE NO._____ |

CARLY RINEARSON,  )
)
    Plaintiff,  )
)
v.  )
)
FAURECIA EMISSIONS CONTROL  )
TECHNOLOGIES USA, LLC,  )
)
    Defendant.  )

## COMPLAINT

Plaintiff, by counsel, alleges against Defendant as follows:

1. The Plaintiff is Carly Rinearson, a resident of Fort Wayne Indiana and worked as a Machine Operator for Defendant Faurecia Emissions Control Technologies USA, LLC from about March 2019 through May 29, 2019 at which time she was terminated as a result of being discriminated against, sexually harassed, and reporting the discrimination and harassment.

2. Plaintiff filed and EEOC Charge of Discrimination (attached as Exhibit "A") which is incorporated herein as fully set forth below, and after receiving a Dismissal and Notice of Rights (Exhibit "B"), now files this Complaint within 90 days after receipt thereof.

3. Defendant Faurecia Emissions Control Technologies USA, LLC ("Faurecia") is an Indiana corporation doing business at 4510 Airport Expressway, Fort Wayne, Indiana 46809. Faurecia is an employer for purposes of Title VII of the Civil

1

Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII).

4. The following acts of sex discrimination, sexual harassment and retaliation (in addition to what is contained in the EEOC Charge of Discrimination) were experienced by the Plaintiff:

   a. Shortly after being hired in March 2019, Plaintiff was told that she could not help move pallets because "she was a girl", and Plaintiff told the men that they must be "sexist."

   b. A male employee harassed Plaintiff by whispering in her ear and said she "looked good" and would tell Plaintiff that the other girls' butts look big and good – to the point that Plaintiff walked away in tears, but she did tell the supervisor, and even though they moved that man, he would always come back to that area, stare at Plaintiff, and make her feel uncomfortable.

   c. Around April 29, 2019, Plaintiff was told that she would be written up for improper phone usage, and, indeed, Plaintiff was written up, but without being given a warning first, when male employees were all given warnings, and sometimes never written up at all. Later that same day, the same supervisor got into Plaintiff's face and told her that she needed to train on a different machine, even though she had been training on a machine that was part of her line. Plaintiff attempted to use the bathroom, but that same supervisor stepped in front of her and put his hands up and told her "no", yelling that she could not use the restroom. Plaintiff told him that it was harassment and that she was going to report it to his supervisor.

   d. Plaintiff kept getting picked on by a male supervisor who would tell her to get off a machine, and then tell her to train on the machine, and he would laugh at her when she got frustrated about getting moved around.

   e. All the while Plaintiff was being harassed constantly about her sex by her supervisor who followed her constantly, even though she complained about it. Defendant's management never did anything about the complaint, so Plaintiff went to higher management who asked Plaintiff if she wanted to come back and work in a different area, and when Plaintiff said she would, they then told her that she would get her point status lowered.

   f. Then, around May 13, 2019, while Plaintiff was working on PL&L, the manager who harassed her ("Jay") came up to her and asked what she reported to Human Resources. Jay said that he was going to find out and that she "would be gone." Jay threatened her and kept messing with her.

2

    g. Around May 23, 2019, Jay tried to keep Plaintiff working on Line #2 and accused Plaintiff of "talking to a coworker" on the line. Another manager disagreed with Jay for trying to "point out" Plaintiff and said he was going to report Jay to HR for retaliation.

    h. Throughout the end of May 2019, Plaintiff was subjected to retaliation and bogus points and was threatened with having to reduce her points or be terminated. Plaintiff was told that she was getting fired for having too many points. When Plaintiff went to work the next day (believed to be May 28, 2019), she had on her normal clothes and was asked for her documents that Plaintiff gave them about the harassment, and Plaintiff was asked why she wasn't working. She replied that they fired her the day before because of points. It seemed like a vicious cycle, because when Plaintiff would leave work, she would keep getting points, but she was leaving work and crying all the time about getting sexually harassed and being retaliated against for reporting it.

5. Plaintiff contends that the sex discrimination, sexual harassment, and retaliatory discharge were intentional and in reckless disregard of Plaintiff's federally protected civil rights under Title VII warranting an imposition of punitive damages. Plaintiff seeks compensatory damages for lost income, mental anguish, emotional distress, inconvenience, humiliation, embarrassment, and other similar injuries and damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for back-pay, front-pay, compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:  (260) 424-0600
Facsimile:   (260) 424-0712
Email: cmyers@myers-law.com;
*Attorney for Plaintiff*

4